# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 6000

**By ECF**                                                                                                                                August 13, 2020

The Honorable Paula Xinis
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

       Re: *Useche et al. v. Trump et al.*, No. 8:20-cv-02225-PX

Dear Judge Xinis:

       We represent Plaintiffs in the above-captioned action. Plaintiffs hereby respectfully request the appointment of a three-judge panel pursuant to 28 U.S.C. § 2284(a). As explained below, this action "challenges the constitutionality of the apportionment of congressional districts" and therefore should be heard by a three-judge panel including Your Honor and two other Article III judges in the Fourth Circuit appointed by the Chief Judge. We have conferred with counsel for Defendants, and they have informed us that Defendants do not oppose Plaintiffs' request for a three-judge panel.

       In addition to the above, Plaintiffs respectfully request that this Court hold a telephonic or video scheduling conference with the parties at the Court's earliest convenience, so that the Court may consider Plaintiffs' request for an expedited briefing schedule for their forthcoming motion for partial summary judgment or, in the alternative, a preliminary injunction. Pursuant to 28 U.S.C. § 2284(b)(3), this Court may enter a scheduling order while Plaintiffs' request under § 2284(a) is still being considered.[1]  Counsel for Defendants have advised us that they agree with Plaintiffs' request for a scheduling conference, but, as described below, propose an alternative briefing schedule.

---

[1] Indeed, Judge Furman of the United States District Court for the Southern District of New York issued such a scheduling order in a parallel action in New York after plaintiffs expressed an intent to request a three-judge court. *See* Order, *New York v. Trump*, No. 1:20-cv-5770 (S.D.N.Y. Aug. 5, 2020), ECF No. 53 ("*New York v. Trump* Scheduling Order").

COVINGTON

The Honorable Paula Xinis
August 13, 2020
Page 2

**Request for a Three-Judge Panel**

Under 28 U.S.C. § 2284(a), "a district court of three judges shall be convened" when an action challenges "the constitutionality of the apportionment of congressional districts." *Id.*; *see Shapiro v. McManus*, 136 S. Ct. 450, 454 (2015). In addition, Congress has provided that any suit challenging the "use of [a] statistical method in violation of the Constitution or any provision of law" "shall be heard and determined by a district court of three judges in accordance with section 2284." Departments of Commerce, Justice, and State, The Judiciary, and Related Agencies Appropriations Act, 1998, § 209(b), (e)(1) Pub. L. No. 105-119, 111 Stat. 2440, 2481-82 (1997) ("1998 Appropriations Act") (codified at 13 U.S.C. § 141 note).

This action challenges President Trump's July 21, 2020 memorandum announcing and directing the exclusion of undocumented non-citizens from the population base used to reapportion congressional seats following the decennial census and seeks to enjoin implementation of this policy. 85 Fed. Reg. 44679, 44680 (July 23, 2020) (the "Presidential Memorandum"). Plaintiffs allege that Defendants' actions (1) violate the Apportionment and Enumeration Clauses of the Constitution, U.S. Const. art. I, § 2, cl. 3, as amended by the Fourteenth Amendment (Counts I and III); (2) violate the equal protection guarantees of the Fifth Amendment (Count II); (3) are *ultra vires* in disregarding the limitations of 13 U.S.C. § 141 and 13 U.S.C. § 195 (Count IV); (4) are *ultra vires* in disregarding the limitations of 2 U.S.C. § 2a (Count V); and (5) violate the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* (Count VI). Plaintiffs further allege that the Presidential Memorandum and its implementation injures them by causing an unlawful apportionment that will dilute their votes and by causing a disproportionate undercount in their communities in the ongoing 2020 Census.

At a minimum, Counts I and IV of Plaintiffs' Complaint each trigger the requirement of a three-judge panel under § 2284. Count I alleges, *inter alia*, that the Presidential Memorandum directs an unconstitutional apportionment of congressional districts by announcing a "policy" to exclude undocumented non-citizens from the apportionment base, in flagrant violation of the Fourteenth Amendment's requirement that apportionment be based on the "whole number of persons in each State," U.S. Const. amend. XIV, § 2. Count I directly challenges the constitutionality of the congressional apportionment that will inevitably result from Defendants' actions, including the Presidential Memorandum, if those actions are not enjoined.

In addition, Count IV of Plaintiffs' Complaint challenges the use of certain statistical methods that would necessarily be used in implementing the Presidential Memorandum, in violation of the statutory prohibition on statistical sampling codified at 13 U.S.C. § 195. Plaintiffs' action thus directly implicates an issue that Congress has directed must be heard by a three-judge panel. For these reasons, Plaintiffs respectfully submit that their request for a three-judge panel in this action should be granted.

COVINGTON

The Honorable Paula Xinis
August 13, 2020
Page 3

**Request for a Telephonic Scheduling Conference and Briefing Schedule**

Plaintiffs expect to file an amended complaint in this action adding certain plaintiffs and a motion for partial summary judgment or, in the alternative, a preliminary injunction tomorrow, Friday, August 14. Given the momentous importance and time-sensitive nature of the Census and the apportionment process, Plaintiffs respectfully request that the Court enter an expedited briefing schedule on Plaintiffs' forthcoming motion, as follows:

- Plaintiffs' motion for partial summary judgment or, in the alternative, a preliminary injunction: August 14, 2020

- Defendants' opposition to Plaintiffs' motion: August 24, 2020

- Plaintiffs' reply in support of motion for partial summary judgment or, in the alternative, a preliminary injunction: August 31, 2020

Plaintiffs' requested schedule—which reduces Defendants' time to file an opposition by four days and Plaintiffs' time to file a reply by seven days, *see* L. Civ. R. 105(2)(a)—is consistent with the expedited treatment that Congress has directed should be given to apportionment-related cases. *Cf.* 1998 Appropriations Act § 209(e)(2), 111 Stat. at 2482 (codified at 13 U.S.C. § 141 note) ("It shall be the duty of a United States district court hearing an action brought under this section . . . to advance on the docket and to expedite to the greatest possible extent the disposition of any such matter."). Barely five months remain before the Secretary of Commerce must submit to the President the "tabulation of total population" by state ascertained by the Census, and before the President must submit to Congress his reapportionment report based on the Secretary's tabulation. *See* 13 U.S.C. § 141(b); 2 U.S.C. § 2a(a).

Moreover, expedited consideration of Plaintiffs' request for injunctive relief is necessary because of the Presidential Memorandum's deleterious impact on the ongoing 2020 Census. The Presidential Memorandum has already made it more difficult to ensure full participation in the Census and threatens to undermine the accuracy of the population count, particularly in Plaintiffs' communities. Compl. ¶¶ 85–93. Census field operations are scheduled to conclude on September 30, giving Plaintiffs little time to secure the relief necessary to mitigate these harms.

Plaintiffs' proposed schedule will not unduly burden the government in responding to Plaintiffs' motion, given the scheduling order entered in the *New York v. Trump* action pending in the Southern District of New York. The *New York* plaintiffs challenge the Presidential Memorandum under many of the same legal theories as Plaintiffs here and have moved for partial summary judgment or, in the alternative, a preliminary injunction in that litigation on grounds

COVINGTON

The Honorable Paula Xinis
August 13, 2020
Page 4

similar to those Plaintiffs expect to rely on here.² Under that scheduling order, the government's opposition to the *New York* plaintiffs' motion—which is similarly likely to overlap with its opposition here—is due on August 17, 2020. *See New York v. Trump* Scheduling Order at 1–2.

Nonetheless, Defendants have rejected Plaintiffs' proposal, instead seeking a briefing schedule whereby they would file an opposition to Plaintiffs' forthcoming motion along with a cross-motion to dismiss by September 11; Plaintiffs would file a reply in support of their motion by September 25; and Defendants would file a reply in support of their cross-motion to dismiss by October 2. Not only does this proposal fail to account for the exigencies described above, it actually seeks an *extension* of time for responding to Plaintiffs' forthcoming motion, from 14 days to 28 days. Furthermore, given that Defendants are due to file by September 2 a motion to dismiss the amended complaint filed in *LUPE v. Trump*, No. 8:19-cv-02710-PX on August 12—which likewise challenges the Presidential Memorandum—there is no reason Defendants should need until September 11 to present their arguments for dismissing the claims in this case, which were first brought on July 31.

---

² The pendency of other actions challenging the Presidential Memorandum does not reduce the need for prompt resolution of Plaintiffs' claims here. *Cf. Mayor & City Council of Baltimore v. Azar*, 392 F. Supp. 3d 602, 618–19 (D. Md. 2019) ("[t]he earlier granting of a nationwide injunction does not prevent this Court from entering an overlapping injunction" because the plaintiff "remains at risk" given appellate review of other decisions); *California v. Health & Human Servs.*, 390 F. Supp. 3d 1061, 1066 (N.D. Cal. 2019) ("[O]verlapping injunctions appear to be a common outcome of parallel litigation, rather than a reason for the Court to pass on exercising its duty to duty to determine whether litigants are entitled to relief.").

Indeed, in *New York v. Trump*, the government has argued that the pendency of similar actions "do[es] not affect [that] Court's ability to adjudicate [that] case," and further noted "instructions from the Attorney General to 'remind courts of the utility of multiple lower court decisions on a contested legal issue.'" *See* Letter from Allison M. Rovner, Assistant U.S. Attorney, to the Hon. Jesse M. Furman at 2 & n.1, *New York v. Trump*, No. 1:20-cv-5770 (S.D.N.Y. Aug. 3, 2020) , ECF No. 37 (quoting Memorandum from the Attorney General, *Litigation Guidelines for Cases Presenting the Possibility of Nationwide Injunctions* 4 (Sept. 13, 2018), https://www.justice.gov/opa/pressrelease/file/1093881/download).

**COVINGTON**

The Honorable Paula Xinis
August 13, 2020
Page 5

   Plaintiffs respectfully request that the Court schedule a telephonic conference with the parties at its earliest convenience, so that an expedited scheduling order can be entered as soon as practicable. Defendants agree to Plaintiffs' request for a telephonic conference.

                     Respectfully submitted,

                      /s/
                     **COVINGTON & BURLING LLP**
                     Shankar Duraiswamy*
                     Carlton Forbes*
                     Jeffrey Cao*
                     Morgan Saunders*
                     Patricio Martínez-Llompart*
                     Daniel Grant (Bar. No. 19659)

                     One CityCenter
                     850 Tenth Street, NW
                     Washington, D.C. 20001-4956
                     Tel: (202) 662-6000
                     Fax: (202) 662-6302
                     dgrant@cov.com
                     sduraiswamy@cov.com
                     cforbes@cov.com
                     jcao@cov.com
                     msaunders@cov.com
                     pmartinezllompart@cov.com


                     P. Benjamin Duke*

                     The New York Times Building
                     620 Eighth Avenue
                     New York, NY 10018-1405
                     Tel: (212) 8411000
                     Fax: (212) 841-1010
                     pbduke@cov.com

                     *Admitted pro hac vice*


cc:  All counsel of record (by ECF, email, and in-person)